**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| MARISSA S. PIPER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF INDIANA,<br>INDIANA DEPARTMENT OF CHILD SERVICES,<br>CLARISSA HALLETT DCS Caseworker (individually and in official capacity),<br>KIMBERLY BYRUM DCS Caseworker Supervisor (individually and in official capacity),<br>STEVEN OWENS Judge (individually and in official capacity),<br>MARILYN TUCKER FULLEN,<br><br>Defendants. | ) | No. 4:26-cv-00160-TWP-KMB |

**ORDER ON OPERATIVE PLEADINGS, SCREENING COMPLAINT, AND DENYING MOTION FOR RECONSIDERATION**

*Pro se* Plaintiff Marissa S. Piper ("Piper") initiated this action on June 20, 2026, by filing a Motion to Proceed *in Forma Pauperis*, Complaint, and Motion for Preliminary Injunction and Temporary Restraining Order ("Motion for TRO"). On June 30, 2026, the Court denied Piper leave to proceed *in forma pauperis*, temporarily placed Piper's filings under seal due to the inclusion of confidential information about Piper's child, and granted Piper leave to file redacted versions of her filings. Piper then paid the filing fee, and on July 10, 2026, the Court screened her Complaint, found that it was subject to dismissal, and denied her Motion for TRO (Dkt. 11). Piper then submitted edited versions of her filings, which removed most of the confidential information at issue. In the Court's July 29, 2026 Order, the Court accepted Piper's edited Motion to Proceed *in*

*Forma Pauperis* (Dkt. 13), Motion for TRO (Dkt. 12), and Complaint (Dkt. 15) as the operative pleadings, and stated that a ruling on those pleadings was forthcoming.

This matter is now before the Court on Piper's operative Motion to Proceed *in Forma Pauperis* (Dkt. 13) and Motion for TRO (Dkt. 12), and for screening of the operative Complaint (Dkt. 15). This matter is also before the Court on Piper's Objections to Screening Order and Motion for Reconsideration of the Court's July 10, 2026 Order (Dkt. 17). For the following reasons, Piper's Motion to Proceed *in Forma Pauperis* is **denied**, her Complaint remains subject to **dismissal for lack of jurisdiction**, her Motion for TRO is **denied**, and her Motion for Reconsideration is **denied**. However, Piper will be given a final opportunity to amend her complaint.

## I. DISCUSSION

This case arises from the termination of Piper's parental rights and subsequent adoption of Piper's minor daughter. Piper brings this action against the State of Indiana, the Indiana Department of Child Services ("IDCS"), IDCS case workers Clarissa Hallett ("Hallett") and Kimberly Byrum ("Byrum"), Orange Circuit Court Judge Steven Owen ("Judge Owen"), and IDCS attorney Marilyn Tucker Fullen ("Attorney Fullen"). The Court will address each of the pending matters in turn.

### A. Operative Motion to Proceed *in Forma Pauperis*(Dkt. 13)

As noted in the Court's July 29, 2026 Order, Piper's operative Motion to Proceed *in Forma Pauperis* (Dkt. 13) is virtually identical to her original Motion, except that the edited/operative Motion properly omits protected information about Piper's child. Because Piper has paid the filing fee (Dkt. 10), the redacted motion to proceed in forma pauperis, (Dkt. 13) is **denied as moot**.

### B. Screening and Dismissal of the Operative Complaint (Dkt. 15)

As with her other edited filings, Piper's operative Complaint (Dkt. 15) is the same as her original Complaint, other than the omission of some protected information. Because the substance

of Piper's Complaint is unchanged, it fails to state a claim for the same reasons explained in the Court's July 10, 2026 Order (Dkt. 11) and is **dismissed for lack of subject matter jurisdiction**.

### C. Operative Motion for TRO (Dkt. 12)

Piper's operative Motion for TRO (Dkt. 12) is **denied** for the same reasons explained in the Court's July 10, 2026 Order (Dkt. 11). Piper cannot establish at least one of the necessary elements for a TRO or preliminary injunction—a likelihood of success on the merits—because the claims in her operative Complaint are subject to dismissal (*see* Dkt. 11 at 10–11).

### D. Motion for Reconsideration (Dkt. 17)

The Court now turns to Piper's request for reconsideration of the July 10, 2026 Order dismissing her Complaint and denying her Motion for TRO (Dkt. 11). Although the original Complaint and Motion for TRO are no longer operative, the Court will address Piper's arguments, as the reasoning in the Court's July 10, 2026 Order applies equally here, and a discussion of these arguments may be useful to Piper in preparing an amended complaint (if any).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Piper raises 8 arguments in her motion to reconsider, but none of these arguments identifies a manifest error of law in the Court's decision to dismiss her Complaint or deny her Motion for TRO.

First, Piper argues that contrary to the Court's July 10, 2026 Order, the domestic relations exception to federal jurisdiction does not apply to her claims (Dkt. 17 at 1–2). The Court stated that the "domestic-relations exception to federal jurisdiction likely . . . applies" because "the Complaint requests an order directing the return of Piper's daughter to her custody and prohibiting interference with her parental rights," which present difficult questions of state law with substantial public import (Dkt. 11 at 9). Piper argues that the domestic relations exception does not apply in several types of cases, including constitutional claims against state officials (Dkt. 17 at 2). However, Piper cites no support for this assertion. In the one case cited by Piper, *Kowalski v. Boliker*, 893 F.3d 987 (7th Cir. 2018), the Seventh Circuit dismissed similar claims under 42 U.S.C. §§ 1983 and 1985 under the domestic relations exception.

Second, Piper argues that under *Ex Parte Young*, her claims for injunctive relief against the State of Indiana, Indiana Department of Child Services ("IDCS"), IDCS caseworkers, and IDCS attorney are not barred by Eleventh Amendment sovereign immunity (Dkt. 17 at 2). Piper clarifies that she seeks the following prospective relief: "an order that the no-contact regime end, that [her] parental rights be restored, and that the child be returned to her custody." *Id.* However, the named State officials cannot provide this relief. This relief can only be ordered by the state court in the underlying child custody case, and *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Moreover, even if Piper could pursue claims for injunctive relief against the State

defendants, this Court would be required to abstain from exercising jurisdiction over those claims for the several reasons explained in the July 10, 2026 Order, and re-explained here.

Third, Piper argues that her individual capacity claims against the IDCS case workers, IDCS attorney, and Orange Circuit Court Judge Steven Owen ("Judge Owen") are not barred under the Eleventh Amendment. Piper states that she has alleged these defendants' personal involvement in the events at issue (Dkt. 17 at 3), but these facts do not give rise to personal liability. As the Court explained in the July 10, 2026 Order, Piper asserts misconduct against these defendants "solely in their roles as State employees," not as private citizens, and that "based on the type of relief requested, it is clear that Piper is seeking relief from the State of Indiana, not any individual Defendant." (Dkt. 11 at 7). The Court did not commit a manifest error of law in finding that, despite Piper's allegations about each defendant's individual conduct, she failed to assert a "bona fide" individual capacity claim against any of them.

Fourth, Piper argues that her Complaint adequately stated claims against the IDCS under *Monell*. The Court's July 10, 2026 Order did not address the sufficiency/merits of Piper's alleged *Monell* claims, so this is not a proper basis for reconsideration.

Fifth, Piper argues that Judge Owen is not shielded by judicial immunity for his "acts taken in the clear absence of all jurisdiction or to non-judicial conduct." (Dkt. 17 at 4). Piper claims Judge Owen acted without jurisdiction and outside a judicial capacity because he: lacked personal jurisdiction over Piper in the state court case; met privately with IDCS; has publicly advocated for Court Appointed Special Advocates ("CASA"), which shows bias; and issued arbitrary orders. *Id.* at 5–6. However, judicial immunity applies broadly to all actions that are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016). The issuances of court orders in a state court case (regardless of whether they are reasoned or valid), meetings with litigants about cases

(whether public or *ex parte*), and publicly speaking about court programs like CASA are all "judicial in nature." The Court did not commit a manifest error of law by denying Piper's claims against Judge Owen on the basis of judicial immunity.

Sixth, Piper challenges the Court's application of the *Rooker-Feldman* doctrine. Piper argues that the *Rooker-Feldman* doctrine "does not apply to collateral attacks on void *ab initio* judgments," including "judgment[s] entered without personal jurisdiction." (Dkt. 17 at 6). Piper cites two cases in support of this argument. One of those cases, *In re Lodholtz*, 769 F.3d 531 (7th Cir. 2014), does not support this proposition. The other case, *Underwriters Laboratories, Inc. v. Crow Island Assocs., LLC*, 146 F.3d 1024, 1027 (7th Cir. 1998), could not be found by the Court and appears not to exist. Piper has failed to show that the Court's application of *Rooker-Feldman* was a manifest error of law.

Seventh, Piper argues that *Younger* abstention "does not apply when state remedies are inadequate or when the state court is biased." (Dkt. 17 at 6). The cases that Piper cites, again, either do not support this proposition, *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), or do not appear to be real, *Perez v. Thornton*, 515 F.3d 606, 613 (6th Cir. 2008). Nevertheless, the Court recognizes that *Younger* does not apply if: (1) the state court proceeding "was motivated by a desire to harass or is conducted in bad faith"; or (2) if the plaintiff demonstrates an "extraordinarily pressing need for immediate equitable relief" that, if not granted, will irreparably injure the plaintiff. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596–97 (7th Cir. 2007). As to the first category, while Piper alleges that the orders in the state court child custody proceeding have been adverse to her, and that the custody case has taken longer than Piper would like, there is no indication that the proceedings were "motivated by a desire to harass" Piper, or have been conducted in bad faith. To satisfy the second option, Piper must show that "there is no

state remedy available to meaningfully, timely, and adequately remedy [her] alleged constitutional violations." *Id.* at 597. There is no indication that Piper has been, or is being, precluded from raising her constitutional arguments before the state court. The Court therefore finds no manifest error of law in its dismissal of Piper's claims under the *Younger* abstention doctrine.

Eighth, Piper argues that she adequately pleaded her claim under 42 U.S.C. § 1985 (Dkt. 17 at 7). The Court previously dismissed Piper's § 1985 claim because it alleged a conspiracy between the State of Indiana and its own employees, which cannot form a conspiracy under § 1985. Piper's Motion for Reconsideration restates her allegations about the conspiracy at issue, but these allegations do not change the legal principle that a conspiracy between the State and its own employees cannot form a conspiracy under § 1985. Accordingly, the Court did not manifestly err in the dismissal of Piper's § 1985 claim.

Piper has failed to show a manifest error of law or any new evidence warranting the "extraordinary remed[y]" of reconsideration. *Foster*, 545 F.3d at 584. Piper's Motion for Reconsideration is therefore **denied**.

**E. <u>Opportunity to Show Cause</u>**

Piper shall have through **<u>September 30, 2026</u>**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Piper elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with

"fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555; quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Piper claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

**F. Admonishment Regarding Use of Generative AI and Confidential Information**

The Court now turns to Piper's suspected use of generative artificial intelligence ("AI"). Piper's Motion for Reconsideration contains incorrect case names (*e.g.*, citing "*Kowalski v. Bolsinger*," instead of "*Boliker*"), cases that do not support the proposition for which they are cited (*e.g.*, *In re Lodholtz*, 769 F.3d 531; *Middlesex Cnty. Ethics Comm*, 457 U.S. 423), and cases that do not appear to exist (*e.g.*, *Hernandez v. Shaughnessy*, 453 F.3d 772, 776 (7th Cir. 2006); *Underwriters Laboratories, Inc. v. Crow Island Assocs., LLC*, 146 F.3d 1024, 1027 (7th Cir. 1998); and *Perez v. Thornton*, 515 F.3d 606, 613 (6th Cir. 2008)). The Motion for Reconsideration also contains language like, "[ADD IF AVAILABLE . . . [CITE CASES] . . .]"; "**KEY IMPROVEMENTS MADE:**"; a checklist of "**COMPLETED:** items; and "**READY TO FILE**—All essential information is now complete. Marissa can file this immediately. Does this stronger version work? Any sections you want me to adjust or expand further?" (Dkt. 17 at 4, 10–11). These errors, misstatements, and unusual language lead to the unavoidable conclusion that Piper used generative AI in preparing her Motion for Reconsideration.

While the use of AI is not prohibited in this Court, "[a]ccuracy and honesty matter," and *pro se* litigants "must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026). The Court will not "allow a court filing to include misrepresentations on legal or factual points that an

unrepresented party reasonably knows or should know exist." *Id.* at 971. Piper is therefore **admonished** that she must carefully review all of her filings before submitting them to the Court and take reasonable care to avoid making misrepresentations in those filings. Failure to do so may result in sanctions, including monetary sanctions, having filings stricken, and/or dismissal.

Lastly, the Court **again admonishes** Piper that she should remove all confidential information—including protected information about her child—from her public filings. Piper's Motion for Reconsideration contains such information, but the Court will not place this document under seal. The Court has already given Piper repeated notices about confidential information (Dkt. 8; Dkt. 11; Dkt. 16) and therefore assumes that Piper has elected to publish this confidential information. Going forward, if Piper's filings contain confidential information, the Court will assume, without further order, that she elected to publish that information.

## II. CONCLUSION

For the reasons explained above, Piper's Motion to Proceed *in Forma Pauperis* (Dkt. 12) is **DENIED**, her Complaint (Dkt. 15) is **dismissed for lack of subject matter jurisdiction**, her Motion for TRO (Dkt. 13) is **DENIED**, and her Motion for Reconsideration (Dkt. 17) is **DENIED**.

The Court will give Piper a final opportunity to file an amended complaint no later than **September 30, 2026**, and show cause why this case should not be dismissed because of lack of subject matter jurisdiction. If no amended complaint is filed by that date, this action will be dismissed for the reasons explained in this Order and previous Orders.

In addition, Piper is **ADMONISHED** that she must carefully review her filings and take reasonable care to avoid making misrepresentations in those filings. Failure to do so may result in sanctions, including monetary sanctions, having filings stricken from the record, or dismissal. Piper is further **ADMONISHED** to remove all confidential information from her filings, and that

going forward, if her filings contain confidential information, the Court will assume that she elected to publish that information.

**SO ORDERED**.

Date: 8/27/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MARISSA S. PIPER
1128 N. State Road 37
Paoli, IN 47454